SEXTON, Judge.
The defendant, Richard Chance, age 27, was charged by indictment with three counts of distribution of cocaine and one count of possession of cocaine. The defendant was also charged by separate indictment with three counts of illegal handling of a fully automatic machine gun. Pursuant to plea negotiations, the defendant pled guilty to one count of illegal handling of a machine gun by a manufacturer and one count of distribution of cocaine. As part of the plea negotiations it was understood that the sentences for the two offenses would be made to run concurrently. The penalty for the distribution of cocaine is imprisonment at hard labor for not less than five years nor more than thirty years and/or a fine of fifteen thousand dollars. The defendant was sentenced to nine years at hard labor for the offense of distribution of cocaine. The penalty for illegal handling of a machine gun by a manufacturer is not less than one nor more than five years at hard labor. The defendant was sentenced to five years at hard labor on the weapons charge to run concurrently with the cocaine sentence. The defendant now appeals, contending that the trial court erred in imposing a constitutionally excessive sentence. Finding that the sentence imposed is not constitutionally excessive, we affirm.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C. Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir. 1983).
The defendant was originally arrested on a weapons charge which arose from the following circumstances. On May 2, 1984, the defendant contacted Bill Moss, a reserve deputy sheriff with the Lincoln Parish Sheriffs Department, and inquired if Mr. Moss would be interested in the purchase of automatic weapons. Mr. Moss reported the incident to the Sheriff’s Department and received money to complete the transaction. Thereafter, Mr. Moss and the defendant met at a location in Lincoln Parish where a weapon furnished by the defendant was test fired. At this time, Mr. Moss purchased the weapon, an Ingram replica, M10, Cal. 9mm. PAR. This weapon was determined to have been mechanically modified in a manner to allow it to operate as a fully automatic weapon. Following the purchase, surveillance officers immediately stopped the defendant and arrested him. Two automatic weapons seized in the search of the defendant’s residence form the basis of the other two weapons charges.
*71 At the time of the defendant’s arrest, he was already under investigation for distribution of cocaine. On March 14, 1984, Pat Stewart of the Metro Narcotics Unit in Monroe was told by a reliable informant with a history in trafficking of cocaine, Mike Overstreet, that the defendant was dealing in cocaine. Overstreet introduced Stewart to the defendant at the defendant’s residence and Mr. Stewart purchased three grams of cocaine from the defendant for a price of $375. On March 18, Mr. Over-street returned and made a purchase of one gram of cocaine for $130, and on a separate occasion on that same date returned and purchased thirteen grams of cocaine for a price of $1,070. The fourth charge in the indictment dealing with possession of cocaine resulted from the execution of a search warrant on the defendant’s residence following his arrest on the weapons charge. It appears that approximately two grams of cocaine, cocaine residue in various forms, drug paraphernalia and two automatic weapons were seized.
In sentencing the defendant, the trial court adverted to the serious nature of the crimes committed by the defendant. As stated by the trial court, the combination of drugs and weapons creates a dangerous mixture. The court stated that the defendant’s age was not a mitigating factor in that being 26, the defendant was not a youthful offender. The court found that the defendant was raised in a “good home” but that such was not a mitigating factor because it offered no excuse for the defendant’s behavior. The trial court further noted that the offense of illegal handling of machine guns indicates a propensity to violence, in that the weapons are designed only for the purpose of killing human beings. The trial court determined that there was an undue risk that if given a suspended sentence, the defendant would commit another offense, and stated its feeling that any lesser sentence would deprecate the seriousness of the crimes.
The trial court also noted the number of letters which it had received from concerned family members and friends of the defendant. The court indicated that it recognized that the defendant had no previous criminal record. The court also noted that it had considered all of the mitigating factors of LSA-C.Cr.P. Art. 894.1 and had taken those into consideration in fixing the amount of the sentence.
Under the circumstances here presented, we find no abuse of discretion in the sentences imposed in these causes by the trial court. The offenses committed by the defendant are of a serious nature. They indicate that the defendant was a dealer for profit of a very dangerous drug, had a tendency to use the drug himself and possessed a propensity toward violence. The defendant received substantial benefit from the plea arrangement which significantly reduced his sentencing exposure. The sentences imposed are well supported by the record and not constitutionally excessive. The defendant’s sentences are affirmed.
AFFIRMED.