SEXTON, Judge.
The defendant, age 23, appeals his sentence for distribution of cocaine. He was originally charged with three counts of distribution of cocaine. The penalty for each count is imprisonment at hard labor for at least five but no more than thirty years, and a fine of not more than $15,000.
Represented by appointed counsel, the defendant pled guilty to one count of distribution of cocaine in exchange for which the state agreed to drop the other two counts, as well as an unrelated charge of issuing worthless checks. The trial judge sentenced defendant to six years at hard labor.
Defendant now appeals through retained counsel assigning three errors that amount to a claim of excessive sentence. Counsel asserts that the sentencing court failed to comply with the criteria enunciated in LSA-C.Cr.P. Art. 894.1; that the trial court failed to take into account mitigating factors; and that the sentence imposed was unconstitutionally excessive.
On June 26, 1985, defendant John Hall agreed to obtain a small quantity of cocaine for a friend. A user of cocaine himself, Hall delivered approximately one gram to the friend, an informant, who was accompanied by undercover officer Chris Kinsey. Kinsey, a Rapides Parish deputy sheriff working at the time for the Metro Narcotics Unit in the Monroe area, paid $125 for the drug. As in all three incidents, the purchased powder was confirmed to be cocaine by the crime lab.
The next day, Deputy Kinsey telephoned defendant Hall’s place of employment, Johnny’s Pizza in Monroe, to arrange another purchase. Wired for sound during the transaction, Deputy Kinsey met the defendant at the pizza establishment and paid $250 for an unspecified amount of the drug.
On July 30, 1985, Deputy Kinsey and John Hall had several recorded telephone conversations about another cocaine sale. Again wired for sound, the undercover officer met the defendant and bought about three grams of cocaine for $300 as four surveillance officers observed. Hall was evidently under the impression that Deputy *393 Kinsey was a college student who also wanted to earn additional income through dealing cocaine.
ASSIGNMENTS OF ERROR NOS. 1 and 2
Defendant’s first assignment of error is that the sentencing judge did not comply with the guidelines of LSA-C.Cr.P. Art. 894.1 and did not adequately articulate the factual basis for the sentence imposed. His second assignment of error is that the trial court failed to address mitigating factors which could have compelled a lesser sentence than that imposed. Both assignments of error are combined into one argument.
While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence of the defendant. State v. Hammonds, 434 So.2d 452 (La. App. 2d Cir.1983), writ denied, 439 So.2d 1074 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983). The most important elements for the court to consider in sentencing are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir. 1985).
Prior to sentencing, the court had the benefit of a pre-sentence investigation report which revealed a few traffic offenses in addition to an indecent exposure conviction and two charges of issuing worthless checks, one of which was dismissed by the state in the plea bargain for the instant offense. While the pre-sentence investigation report noted the defendant’s strong family background and steady work history, the submitting officer concluded that the defendant was a poor candidate for intensive incarceration/supervision because he thought that the defendant was not likely to tolerate the stringent requirements of that program. The report noted, in addition, that defendant’s incarceration would cause a financial hardship on his family.
An addendum to the pre-sentence investigation report was later filed. It detailed the statements of a Ouachita Parish Sheriff deputy with respect to the defendant’s drug involvement. Ouachita Parish Sheriff Deputy Mike Howell advised the probation officer that while the defendant was able to obtain cocaine with no difficulty, he did not feel that he was “neck deep” as a seller, but rather was selling small amounts in order to obtain cocaine for personal use. The deputy opined that the defendant was involved with “a group he shouldn’t have been” and that he was “living above his means.” In general, the addendum can be characterized as favorable to the defendant in that it reflected that the defendant was not a major distributor and it sought leniency for him.
In sentencing the defendant, the trial court noted the defendant’s criminal record and the specifics thereof. The court also noted that the defendant’s involvement with cocaine was primarily for personal use and stated that it concluded that defendant was not “a dealer of large proportions” but was “definitely involved in the use of cocaine and distribution to some extent.”
The trial court expressed the belief that the defendant’s conduct threatened serious harm both to himself and others and determined that there was no excuse or justification for defendant’s conduct. The court concluded by determining that even though there was no information that the defendant was still involved in the use or distribution of drugs, he had received leniency in the plea bargain and that a sentence less than that imposed would deprecate the seriousness of the offense.
The foregoing considered, we determine that the instant record evidences an adequate articulation of sentencing factors, as well as a particularization to this defendant in accordance to LSA-C.Cr.P. Art. 894.1.
ASSIGNMENT OF ERROR NO. 3
Defendant’s second argument, directed to assignment of error number three, is that the sentence imposed is exces *394 sive and is a needless imposition of pain and suffering. Specifically, the defendant points to his excellent work record as an assistant manager of Johnny’s Pizza, his marital status, the fact that he was not a major distributor of cocaine, and that he is no longer involved in the use of cocaine.
As we have pointed out, the trial court took into consideration these points and determined that a suspended sentence was not warranted in the instant case. The court noted a lack of justification on the part of the defendant in that he had a strong family background as a youngster, had a family of his own for which he was now responsible and held responsible employment.
The defendant argues that the record indicates that the trial court “erroneously believed that it was required to give [him] a minimum sentence of five years at hard labor without benefit of probation, parole or suspension of sentence.” Specifically, the defendant points to the court’s statement at page 78 of the transcript that “the court has determined that you are not entitled to a. suspended type sentence under the law....”
First of all, we note the sentence imposed is not without benefit of parole, probation or suspension of sentence. Secondly, in the context of the trial court articulation, it is apparent to us that the trial court was not saying that the defendant was not eligible for probation, but rather that under the circumstances of the case, a probated sentence was inappropriate.
Indeed, the legislature has indicated that persons who distribute cocaine should be dealt with stringently. While the legislature has not specifically exempted a suspended sentence, it has established a minimum sentence of five years, up to a maximum of thirty years and a potential fine of up to $15,000. The legislature originally established this penalty in 1972 by an amendment[1] to the Uniform Controlled Dangerous Substances Law enacted in 1970.[2] Of particular interest is that the legislature amended the law in 1979[3] to require that anyone who possesses 28 grams or more[4] of cocaine (but less than 200 grams) must receive a prison term of at least five years without benefit of parole, probation or suspension of sentence. Therefore, while a suspended sentence is theoretically possible for a defendant convicted of distribution of cocaine, it seems obvious from the overall tenor of the penalties for cocaine offenses that the legislature intended that a suspended sentence should be imposed only under unusual circumstances.
Considering the factors articulated by the trial court and that the defendant made three separate sales of cocaine in increasing quantities to a virtual stranger in just over a month, we are unable to say that this sentence of only one year above the minimum is an abuse of discretion, especially in light of the legislature’s stance regarding penalties for cocaine offenses.
The defendant’s sentence is affirmed.
AFFIRMED.

. Act No. 634 of 1972.

. Act No. 457 of 1970.

.Act No. 313 of 1979.

. There are 28.3495 grams in an ounce by avoirdupois weight. Webster’s New Twentieth Century Dictionary, Unabridged, Second Edition, (Supplement, "Tables of Weights and Measures”).