NORRIS, Judge.
The defendant, Ronald D. Winston, was charged by bill of information with distribution of cocaine, LSA-R.S. 40:967A(1). He pled guilty as charged. The district court, after reviewing a presentence investigation report (“PSI”), sentenced him to nine years at hard labor. Winston now appeals, urging the sentence is unreasonable and excessive for a first felony offender like himself. For the reasons expressed, we affirm the conviction but set aside the sentence and remand the case with instructions for resentencing.
The offense occurred shortly" after midnight on January 10, 1989 when an undercover agent, with a confidential informant (“Cl”), went to a place in Minden called “Shiny.” Winston was there; the Cl called him over and introduced the agent as a “friend” who needed “coke.” After some discussion, Winston gave the agent one “rock” of cocaine for which the agent gave him $20. The rock was sent to the crime lab and found to contain cocaine, a Schedule II CDS. Winston was arrested on March 19.
In accepting the guilty plea, the district judge stated that he intended to suspend part of the sentence in order to subject Winston to drug rehabilitation treatment. Supp.Tr., 7. He also said that he would assess a fine. Id., 10. Initially these statements troubled us, as the judge neither suspended any part of the sentence nor imposed a fine. Winston has not urged on appeal that the circumstances surrounding his plea were unfair or misleading, or that they undermined the knowing and voluntary nature of the plea. Cf. State v. Williams, 554 So.2d 139 (La.App. 2d Cir.1989). However, deficiencies arising from the guilty plea colloquy are errors patent and the reviewing court is bound to recognize them. State v. Godejohn, 425 So.2d 750 (La.1983). Despite the isolated comments noted above, the judge repeatedly stated that there was “no commitment as to sentence,” no guarantee of probation, and the sentence was “going to depend” on Winston’s record and other information. Supp.Tr., 4, 6, 10. Though the Boykin colloquy was somewhat inconsistent, we cannot say on this record that Winston’s guilty plea was not entered knowingly and voluntarily. If this minor irregularity amounts to error discoverable on the face of the record, it is not reversible error. We have reviewed the record for further errors patent and find none. LSA-C.Cr.P. art. 920(2).
Winston’s assignment of error urges that the sentence of nine years at hard labor is unreasonable and excessive. The test of excessiveness is two-tiered. First the record must show the sentencing judge considered the criteria set forth in LSA-C.Cr.P. art. 894.1. The judge need not list every factor; empty recital of the guidelines is not the objective. Substantial compliance with art. 894.1 is adequate if it provides a factual basis for the sentence. State v. Smith, 433 So.2d 688 (La.1983). The reviewing court will look to the record itself to supply an adequate factual basis, in the absence of full compliance with the article. State v. Lanclos, 419 So.2d 475 *1133 (La.1981). The critical elements are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988). In selecting an appropriate sentence, the sentencing judge may review all prior criminal activity, not just convictions. State v. Washington, 414 So.2d 313 (La.1982). A first felony offender is not automatically entitled to a suspended sentence or probation. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. fully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983). The sentencing judge may take into account larger societal concerns in imposing sentence, as long as he particularizes the sentence to the defendant. State v. Bay, 423 So.2d 1116 (La.1982); State v. Bourgeois, 406 So.2d 550 (La.1981).
The second tier is constitutional exces-siveness. A sentence violates LSA-Const. art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The sentencing judge has wide discretion in imposing a sentence within statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
At the sentencing hearing, the judge stated that Winston was 38 years old; was married and had a 16-year old stepdaughter; and had three years of college at Grambling. He noted that Winston had done excellently in substance abuse treatment and performed exemplary community work while out on bail. The judge mentioned one minor incident at community service but could not attribute it to Winston.[1] The judge acknowledged that Winston was a good worker at the GM plant in Shreveport (the PSI reports his income at $14.90 per hour) but cited his recent Chapter 13 bankruptcy petition as indicative of a “terrible problem with cocaine dependency” and a “long history of drug abuse.” Winston testified that he had no problem with cocaine until late 1986. When he tried it, it began to be a problem and the dealers “preyed” on him. He tried to quit on his own, without success; he entered New Beginnings, a drug rehabilitation program, in September 1987, after which he stayed straight for six months but then relapsed. The instant offense occurred after the New Beginnings treatment. Winston admitted he sold cocaine, but only to support his addiction; he bought a “rock,” scraped off enough for himself, then resold the rock. The judge commented that Winston’s addiction would explain but not excuse his conduct.
The judge then reviewed Winston’s criminal record, which included a 1980 guilty plea to possession of marijuana and a 1981 guilty plea to disturbing the peace, both misdemeanors. There was a 1988 guilty plea to issuing worthless checks, but the penalty was suspended because of restitution, and the judge specifically stated he would not consider this conviction. Winston also had two old arrests for illegal or concealed weapons, with no dispositions shown, and a 1977 arrest for possession of marijuana, which was not pressed. The instant offense was Winston’s first felony.
Winston received several recommendations. Deputy Fomby indicated he had performed exemplary community service work (it was a condition of bail); Mr. Paul Brown said he was attending AA meetings regularly and doing excellently in his treatment; and Mr. Fisher, his bankruptcy attorney, stated by letter that a fine could be incor *1134 porated as a priority claim in the Wage Earner Plan. The PSI recommended straight probation with the proviso that Winston continue substance abuse counseling.
The judge felt, however, that Winston was too old for this kind of conduct, it was a serious offense, and putting him back on the street would send the wrong signal to the community. The judge also said that, when first on bail, Winston failed to do some work; this led the judge to question his ability to follow instructions if placed on probation. The judge also felt that Winston’s admitted addiction created an undue risk of crime if probation were ordered, and underscored the need for correctional treatment. The judge finally compared Winston with a personal relation who was an alcoholic and never recovered. The judge imposed sentence of nine years at hard labor. No fine was imposed.
The judge was certainly justified in viewing Winston’s age, failed treatment at New Beginnings, and his criminal record as aggravating factors. Viewing the record as a whole, however, we conclude that too much emphasis was placed on most of these factors. Winston’s age works against him. However, there is nothing in the record to support the “finding” that he failed to do assigned work; surely the shovel incident, which was not substantiated and was “not a big deal,” does not equate to failure to do the work. Winston’s criminal record, though not clean, is not substantial. Contrary to the judge’s finding, everyone involved in Winston’s bail process thought he had performed excellently. The judge’s reference to an alcoholic relative, with overtones of “once an alcoholic, always an alcoholic,” was not particularized to Winston and has little or no bearing on the case.
Other mitigating factors applied. Though his criminal conduct was impelled by addiction, it was minimal and he entered it only to the extent necessary to service his own habit. Imprisonment will entail significant hardship on his family. He is currently participating in A A and NA. At sentencing he stated he felt a purpose in life to stop others from using drugs and a desire to continue his life sober. This attitude indicates a determination to avoid future crime and discourage others from using illegal drugs.
The biggest oversight was the district judge's failure to consider the small amount of CDS involved. There is no evidence that Winston was a big-time dealer. Even though the sentencing range is five to 30 years, a sentence of nine years at hard labor for selling one $20 “rock,” under these circumstances, shocks the judicial conscience. In State v. Camps, 476 So.2d 864 (La.App. 2d Cir.1985), writ denied 481 So.2d 616 (La.1986), cert. denied 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 658 (1986), the defendant negotiated a sale of two kilos of cocaine for $80,000 and had an interest in selling another kilo. He pled guilty to simple possession. We held that his sentence of ten years at hard labor was excessive if made consecutive to a federal sentence of five years for conspiracy; we ordered it made concurrent. In State v. Chance, 475 So.2d 69 (La.App.2d Cir.1985), we affirmed a sentence of nine years for a defendant charged with three counts of distribution based on three separate sales of cocaine totalling 17 grams for over $1,500. That defendant received a substantial reduction of sentencing exposure by plea bargaining; Winston pled “straight up.” In State v. Akharoh, 541 So.2d 983 (La.App. 3d Cir.1989), the defendant sold 2.2 kilos of cocaine to an undercover agent for $48,000. He was sentenced to five years at hard labor and a $15,000 fine; the third circuit affirmed.
Other reported cases affirming sentences of five to nine years exhibit more serious aggravating factors than Winston’s. See, e.g., State v. Davis, 440 So.2d 855 (La.App. 2d Cir.1983); State v. Cruz, 430 So.2d 161 (La.App. 2d Cir.1983); State v. Young, 426 So.2d 370 (La.App. 2d Cir.1983); State v. Broussard, 532 So.2d 208 (La.App. 3d Cir.1988); State v. Blanchard, 450 So.2d 738 (La.App. 5th Cir.1984).
The instant sentence of nine years at hard labor for this particular defendant who sold one $20 “rock” of cocaine is *1135 grossly out of proportion to the severity of the offense.
Despite the unanimous recommendations of probation personnel (and the judge’s own comments at the Boykin hearing), the judge saw fit to impose a term of imprisonment. We would defer to this ruling. Cf. State v. Devillier, 466 So.2d 807 (La.App. 5th Cir.1985). The amount of time imposed, however, is grossly disproportionate to the severity of the offense and makes no measurable contribution to acceptable goals of punishment in this case. State v. Telsee, 425 So.2d 1251 (La.1983). It is an abuse of sentencing discretion. Under the circumstances, the maximum sentence we could affirm for this commission of the offense and this offender is seven years at hard labor. The case will be remanded for resentencing in accord with this opinion.
For the reasons expressed, Winston’s conviction is affirmed. The sentence is set aside and the case remanded to the district court for resentencing in accord with this opinion.
CONVICTION AFFIRMED. SENTENCE SET ASIDE AND CASE REMANDED FOR RESENTENCING.
HIGHTOWER, J., dissents with written reasons.
MARVIN, C.J., concurs on the specific circumstances of this record in the light of the cases cited. A seven year sentence is the maximum range.

. On the first day of community work, someone in Winston’s crew told the supervisor, "That shovel don’t fit my hand.” The judge listed several parolees who might have said this but he die! not conclude that Winston was the one. Winston denied it. The judge replied, “That’s not a big deal.” R. p. 21.