576 So.2d 105 (1991)
STATE of Louisiana, Appellee.
v.
Janice J. SMITH a/k/a Janet Hay, Appellant.
No. 22470-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 1991.
*106 Indigent Defender Bd. Charles A. Smith, Minden, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Henry N. Brown, Jr., Dist. Atty., James M. Bullers, Asst. Dist. Atty., Bossier City, for appellee.
Before SEXTON, LINDSAY and VICTORY, JJ.
LINDSAY, Judge.
The defendant, Janice J. Smith, a/k/a Janet Hay, was charged by bill of information with distribution of cocaine, in violation of LSA-R.S. 40:967(A). After a jury trial, the defendant was convicted as charged. The trial court sentenced her to imprisonment at hard labor for ten years. The defendant appealed. We affirm the defendant's conviction. However, we set aside the sentence and remand the case with instructions for resentencing.

FACTS
On August 22, 1989, three female undercover agents assigned to the Bienville-Claiborne-Webster Narcotics Task Force, accompanied by a confidential informant, drove through Minden, Louisiana, to seek out illegal sales of narcotics. They were flagged down by a group of individuals on Chestnut Street. These individuals, one of whom was the defendant, offered to sell crack cocaine to the agents and displayed their merchandise through the car window. The agent who was driving determined that the defendant was offering the largest rocks of crack cocaine for the lowest price and paid $40 for two rocks. Subsequent analysis determined that the substances were cocaine.
A bill of information was filed charging the defendant with distribution of cocaine. On January 15, 1990, the defendant was arrested, but released on bond. However, the defendant was arrested on a bench warrant on April 25, 1990, and thereafter remained incarcerated.
Trial was held on April 26 and 27, 1990. The defendant testified in her own behalf and denied selling cocaine to the officers. She was convicted as charged. On June 26, 1990, the trial court sentenced her to imprisonment at hard labor for ten years.
The defendant appealed, assigning as error the following: (1) the trial court erred in refusing to give the defendant's proposed special jury instruction on the failure of a party to produce a witness; and (2) the *107 trial court erred in imposing an excessive sentence.

SPECIAL JURY INSTRUCTIONS
The defendant contends the trial court erred in failing to give the following special jury instructions:
If the evidence before you shows that either party had under his control a witness, and that party failed to produce that witness, who was unavailable to the other party, then you must presume that the witness did not testify because his testimony would not have aided the party who failed to call him. This presumption does not apply if the witness was equally available to be called by both parties. But it is never permissible for you to infer guilty or unfavorable testimony from the defendant's failure to testify.
This instruction specifically related to the State's failure to call as a witness the confidential informant who identified the defendant by name to the agents after the purchase.
There is a well established privilege of withholding the identity of a confidential informant. A confidential informer's identity will be revealed only in exceptional circumstances which must be demonstrated by the defense. State v. Weems, 358 So.2d 285 (La. 1978).
LSA-C.Cr.P. Art. 807 provides, in pertinent part, "A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation...." The proposed special jury charge would have required qualification and explanation in light of the confidential informer's privilege. Therefore, the trial court properly refused to charge the jury as requested. State v. Weems, supra.
This assignment of error is meritless.

EXCESSIVE SENTENCE

Law
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir. 1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir. 1983), writ denied 435 So.2d 438 (La. 1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La. App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C. Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the *108 sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).

Discussion
The defendant contends that the trial court erred in imposing an unconstitutionally excessive sentence. She specifically argues that the trial court should have given greater consideration to her claims of rehabilitation and the fact that she had a nineteen-month-old daughter and was pregnant with twins at the time of sentencing.
Before imposing sentence, the trial court detailed its consideration of several factors. The twenty-eight-year-old defendant was a first felony offender whose only prior criminal record consisted of a 1988 misdemeanor conviction for disturbing the peace. However, the trial court noted that the defendant had a substantial history of drug abuse. She quit high school in the eleventh grade because of drugs. She was also fired from her employment at a restaurant where she worked for six years because of her drug use. However, according to the presentence investigation (PSI) report, her employer stated that she was a good worker who he would rehire if she became drug free and he had an opening. Also, at the time of her arrest the defendant was employed at a cafeteria and was considered a good worker. The defendant claimed that she had been drug free since November, 1989.
The trial court placed great emphasis upon the undue risk of the defendant committing another crime. The court was apparently influenced by statements by law enforcement officials in the PSI report that the defendant was known to them through her associations with drug dealers. Additionally, the defendant's mother was in prison for drug distribution. The trial court was unimpressed with the defendant's claim to have accepted religion, primarily because she had previously given birth to an illegitimate child and was again pregnant out-of-wedlock.
The trial court found that the defendant's pregnancy made her ineligible for the intensive incarceration program. Due to the seriousness of the offense, the trial court felt probation was inappropriate. Furthermore, it did not believe the defendant would respond affirmatively to probation. It also noted her failure to voluntarily participate in pretrial drug testing programs.
While the defendant's incarceration would inflict great hardship on her dependants, the trial court found that the defendant required correctional treatment and that a lesser sentence would deprecate the seriousness of her crime. The trial court also found that the defendant's conduct was the result of circumstances which were likely to reoccur.
The trial court adequately complied with Art. 894.1 by articulating the factors which influenced the sentence imposed upon the defendant. However, we find that the record and the reasons given by the trial court do not support a sentence of ten years at hard labor for this defendant.
In State v. Strickland, 486 So.2d 1015 (La.App. 2d Cir.1986), appeal after remand 505 So.2d 752 (La.App. 2d Cir. 1987), this court set aside a twenty year sentence for possession of cocaine with intent to distribute and directed that a sentence of not more than eight years at hard labor be imposed by the trial court. There, the twenty-one-year-old female defendant was charged with selling small amounts of cocaine to undercover agents twice within a week in two different parishes. The offense *109 on appeal involved the sale of two grams of cocaine for $250. At the time of the investigation she was eight months pregnant and unemployed because of her pregnancy. She had no prior criminal record. She had helped care for her ill mother (who died the year of the offense) since the age of thirteen. At sentencing, she was twenty-four years old, divorced, and had been released on bail for two years without incident. There was no indication that she was a large-scale drug dealer.
In State v. Cathey, 569 So.2d 627 (La. App. 2d Cir. 1990), this court considered a total sentence of fourteen years at hard labor and a fine of $15,000 for two counts of distribution of methamphetamines and one count of distribution of cocaine. There we found that the sentence was excessive for a seventeen-year-old defendant with no prior record. The defendant had made three sales of controlled dangerous substances in the total amount of $600 within a two-week period. The defendant had become part of the "drug culture" after dropping out of high school at age sixteen. The defendant was a "go-between" in the drug trade, not a large-scale drug dealer. There was no indication in the PSI report or the record that she continued to use or deal drugs after her arrest. Although the defendant was too young to have established a lengthy work record, she was employed at the time of the offenses and afterwards. This court concluded that the defendant's total imprisonment should not exceed seven years at hard labor and a fine of $1,000. The court further suggested that on remand the trial court consider suspending all or part of the sentence, and utilizing supervised probation, a period of incarceration, completion of a drug rehabilitation program, and a prohibition against associating with her codefendants (who had received suspended sentences).
In State v. Winston, 567 So.2d 1131 (La. App. 2d Cir.1990), writ granted and sentence vacated, 572 So.2d 54 (La.1991), this court initially vacated as excessive a sentence of nine years at hard labor for a thirty-eight-year-old street dealer who had pled guilty to one count of distribution of cocaine. We held that a sentence of seven years at hard labor was the maximum which could be justified under the facts of the case. However, on rehearing, we set aside our original ruling and affirmed the sentence. Subsequently, the Supreme Court found the nine year sentence to be excessive and ordered the sentence vacated. The case was remanded to the trial court for resentencing.
The defendant in Winston, supra, sold one rock of cocaine to an undercover agent for $20. The defendant maintained that he had only dealt drugs to support his drug addiction, which he had tried unsuccessfully to cure. The defendant had three prior convictions, including possession of marijuana and disturbing the peace. (An offense of issuing worthless checks, for which the defendant made restitution, was not considered by the trial court.) He also had additional arrests for carrying a concealed weapon and possession of marijuana. However, following his arrest on the distribution charge, the defendant had performed exemplary community service work as a condition of his release on bail. He had also sought, and responded to, treatment for his drug addiction. The defendant was considered a good employee and was married with a sixteen-year-old stepdaughter. The defendant was not a large-scale drug dealer. As previously noted, when this court originally vacated the sentence as excessive, we held that the maximum sentence we could affirm for the offense and the offender was seven years at hard labor.
In State v. Tilley, 400 So.2d 1363 (La. 1981), the Supreme Court determined that in cases involving youthful first offenders on the bottom end of selling cocaine and/or other drugs in small quantities the constitutionally permissible range of sentence was between five and ten years.
In light of the jurisprudence cited above, we are not persuaded that the facts of this case justify a sentence at the maximum edge of the trial court's discretion (as specified by State v. Tilley, supra). The cited cases deal with comparable circumstances, and all involve lower sentences than that received by Smith.
*110 Consequently, we find that the sentence imposed upon the defendant is excessive. The defendant faced a sentencing exposure of between five and thirty years at hard labor. She was sentenced to ten years, or one third of the maximum sentence. Like the defendant in the Winston case, Smith was an addict with severe drug abuse problems who was convicted of selling a small quantity of drugs for a small amount of money. The record does not demonstrate that she was anything other than a small-time street dealer. She had a good employment history, and her previous criminal record consisted of only one misdemeanor conviction for disturbing the peace. Furthermore, her incarceration will cause great hardship for her very young children. Therefore, we find that the maximum sentence we could affirm for this offense and this offender is eight years at hard labor. The case is remanded for resentencing in accord with this opinion.

CONCLUSION
For the reasons stated above, the defendant's conviction is affirmed. The sentence is vacated and the case remanded to the district court for resentencing in accord with this opinion.
CONVICTION AFFIRMED. SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
SEXTON, J., concurs in part, dissents in part, and assigns written reasons.
SEXTON, Judge, concurring in part, dissenting in part.
I concur with the majority that the defendant's conviction should be affirmed. However, I disagree that the trial court abused its discretion in imposing a ten-year sentence.
Contrary to the implications of the majority opinion, this 28-year-old defendant is not a youthful offender. Further, the defendant flagged down an unknown individual who was driving by in order to sell cocaine. Interestingly, the undercover agent selected the wares of this defendant from among those of several other dealers who were at this crack cocaine marketplace because the defendant had the largest rocks for the lowest price. For well-expressed reasons, the trial court specifically credited law enforcement information in the PSI regarding the defendant's extensive drug activity, specifically rejected the defendant's claim of rehabilitation and noted defendant's substantial history of drug abuse.
Under the foregoing circumstances, while I consider that this sentence is at or near the outer limits and is harsh, I do not view it as an abuse of the trial court's discretion.
Specifically, I suggest that State v. Cathey, 569 So.2d 627 (La.App. 2d Cir. 1990), lends little support to the majority position. That defendant was only 17 years old, the lowest age to which the state of Louisiana normally attaches criminal responsibility. In the final analysis, however, I also disagree with Cathey because that defendant, although youthful, sold cocaine valued at a total of $300 on two separate occasions and subsequently sold methamphetamine valued at $300, all in a two-week period. While the Cathey majority may have thought that the sentence was harsh, I suggest that in light of State v. Tilley, 400 So.2d 1363 (La.1981), it is within parameters established by the Louisiana Supreme Court.[*] See State v. Strickland, 505 So.2d 752, 754 (La.App. 2d Cir.1987) (Sexton, J., concurring in part and dissenting in part).
Also, I disagree with the suggestion by the Cathey majority recommending a suspended sentence, to which recommendation the majority here gives further currency. The legislature has established a minimum sentence of five years for the offense of distribution of cocaine. LSA-R.S. 40:967 B(1). While a suspended sentence for that offense is not prohibited, I suggest that where the legislature establishes a minimum sentence, even though the legislature may not prohibit suspension of that sentence, *111 it can be strongly argued that the legislature intends that a suspended sentence be rendered only under unusual circumstances. State v. Hall, 519 So.2d 391 (La.App. 2d Cir.1988), writ denied, 524 So.2d 516 (La.1988). I see none in the Cathey case or in the instant case.
I respectfully dissent from the reversal of the sentence.
NOTES
[*] I concede that the peremptory reversal of State v. Winston, 567 So.2d 1131 (La.App. 2d Cir. 1990), at 572 So.2d 54 (La.1991), is confusing in light of State v. Tilley, supra.