591 So.2d 761 (1991)
STATE of Louisiana, Appellee,
v.
Ceave WYATT, Appellant.
No. 22912-KA.
Court of Appeal of Louisiana, Second Circuit.
December 4, 1991.
*762 John William Focke, II, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Walter E. May, Jr., Dist. Atty. and Douglas L. Stokes, Asst. Dist. Atty., Jonesboro, for appellee.
Before SEXTON, LINDSAY and VICTORY, JJ.
SEXTON, Judge.
Defendant was convicted by a jury of three counts of distribution of cocaine. He was originally sentenced to serve concurrent sentences of 15 years at hard labor for each count. Additionally, the defendant was ordered to pay a $10,000 fine and costs on one of those three counts. Upon failure to pay the fine and costs, the defendant was assessed one additional year in prison.
The defendant appealed his conviction and sentence. This court affirmed defendant's conviction, but vacated his sentence and remanded the case to the trial court for resentencing. State v. Wyatt, No. 21,915 (La.App. 2d Cir. December 5, 1990) [572 So.2d 1206 (Table)].
At resentencing, the district court had the benefit of a post-sentence investigation report as the original sentencing had taken place without a pre-sentence investigation on the defendant. After considering that report, the district court sentenced the defendant to serve concurrent sentences of 12 years at hard labor for each count. The defendant was again assessed a $10,000 fine and payment of costs requirement for the first count. Again, upon default of payment of the fine and costs, the defendant is required to serve one additional year in prison.
Defendant again appeals the sentences imposed, arguing that they are excessive, that he should not have been ordered to serve additional time in default of payment of the fine and court costs, that he is being punished for exercising his constitutional rights, and that the new sentences are inconsistent with the earlier opinion of this court which reversed the first set of sentences. We reverse and remand.

FACTS
We reproduce here the facts detailed in our previous opinion:
During the summer of 1989, at the request of the Jonesboro Police Department, Officer Charles Johnson ("Johnson") and Investigator Robert Thomas ("Thomas") initiated an undercover narcotics operation in Jonesboro and the surrounding Jackson Parish area. The two officers were assigned to this duty from law enforcement agencies in other areas. In an effort to infiltrate the drug community, they adopted fictitious names and represented themselves as having a quantity of cash for drugs.

*763 Knowing that illegal substances are usually sold in and around nightclubs, the two agents went to the Ebony Night Club on August 12, 1989, where they encountered Sarah Cottonham, an admitted cocaine addict. Engaging her in conversation, Thomas asked if she knew where they could purchase cocaine. Unaware of their true identities, she accompanied them to a trailer house owned by Myrtis Wyatt, defendant's brother. Upon arriving, she knocked at the front door, identifying herself and advising that she had friends who wanted to buy cocaine. Defendant opened the door and stepped forth, emptying the contents of an amber colored container into the palm of his hand. Johnson then handed him $40 and selected two pea-sized rocks of crack cocaine. Thomas also purchased an identical amount of "crack" for the same price....
About five hours later, Ms. Cottonham again guided Johnson to the mobile home where he purchased two additional rocks of cocaine in the same fashion as before.
Tried pursuant to an amended indictment specifying the times of each sale to a designated officer, defendant called Ms. Cottonham to testify that she had purchased the drugs while the officers waited in their car. Confronted with varying disclosures of the events, the jury accepted as credible that version related by the officers and found defendant guilty of each count.
State v. Wyatt, supra at 1-2.

EXCESSIVE SENTENCE
The standard consistently used by this court for reviewing an excessive sentence claim has recently been reiterated in State v. Smith, 576 So.2d 105, 107-108 (La.App. 2d Cir.1991):
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La. App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983).
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even when there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). Important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983).

*764 A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir. 1983), writ denied 435 So.2d 433 (La. 1983).
During the resentencing, the district court entered into the record a post-sentence investigation report. As previously noted, a pre-sentence investigation report was not available for the initial sentencing. In imposing the current sentence, the district court made reference to the previous sentencing hearing wherein the court specifically considered the LSA-C.Cr.P. Art. 894.1 sentencing guidelines.
We expressed a concern in our earlier opinion that the district court had not individualized this defendant's sentence and could not do so without further information, such as would be provided in a pre-sentence investigation report. At the resentencing, the district court had the benefit of a post-sentence investigation report and seems to have carefully considered this defendant's individual circumstances.
After analysis of certain supreme court decisions dealing with similarly situated defendants, we reverse the defendant's sentence and remand for resentencing. Our review of this jurisprudence causes us to be of the opinion that the maximum sentence which can be affirmed in the instant circumstances is ten years at hard labor.
In State v. Tilley, 400 So.2d 1363 (La. 1981), the defendant's sentence for conviction of cocaine distribution of 21 years was reversed. Characterizing defendant as a "small fish" in the drug trade, the court noted that under circumstances similar to those presented, a permissible sentencing range would be from the statutory minimum to ten years.
The defendant had approximately 34 packets containing cocaine and sold six to an undercover officer for $60. When asked by the officer about other substances, defendant claimed to be out of Dilaudid. Between the time of the offense at issue and defendant's arrest, he sold another controlled dangerous substance to the same officer. Additionally, a search of his residence following his arrest revealed marijuana, for which defendant was charged with possession. Defendant was an 18 year old high school dropout who had made plans to pursue a GED. His employment history was steady and consistent for someone his age with his educational background. Although he was unmarried, he lived with his physically disabled mother. In addition to the criminal activity outlined above, defendant had two DWI convictions and a third charge outstanding. Following his arrest, he registered at, and continued to attend, a substance abuse clinic.
Also of interest is State v. Winston, 567 So.2d 1131 (La.App. 2d Cir.1990), writ granted, 572 So.2d 54 (La.1991), in which the supreme court summarily reversed our affirmance of a nine-year sentence for distribution of cocaine. Our original opinion found the nine-year sentence to be excessive, but on rehearing, we affirmed the sentence.
The Winston defendant had sold one rock of crack cocaine for $20. He was 38 years old, married, with a stepdaughter, and had completed three years of college. The defendant had done well in substance abuse treatment and community work while he was out on bail. There was evidence that this defendant had a significant problem with cocaine dependency and a long history of drug abuse and that he had sold cocaine to support his habit. His previous criminal record revealed a guilty plea to possession of marijuana, a guilty plea to disturbing the peace and a guilty plea to issuing worthless checks. There were two old arrests shown for illegal or concealed weapons, but there was no disposition found in the records. The defendant also *765 had an arrest for possession of marijuana which was not pressed. The distribution offense was the defendant's first felony offense.
In the instant case, the defendant cannot be said to be a youthful offender; at age 36 (at the time of the offense), he is not in a position to claim that his crime was a youthful indiscretion. Because he denied a substance abuse habit, it may be inferred that he was selling drugs for profit rather than to support his own use. Additionally, the defendant's apparent readiness to immediately sell cocaine to a stranger is a clear indication that this was not an isolated or first-time incident. Clearly, the defendant seems to be a regular and routine dealer of "crack" cocaine for profit.
In terms of other forms of substance abuse, the post-sentence investigation report contains a positive indication for alcohol abuse. Defendant's two convictions for driving while intoxicated seem to verify the existence of a problem in this regard.
Although defendant's past is hardly crime-free, his only previous convictions have been for driving while intoxicated. While his history indicates arrests on a variety of charges, no disposition is indicated for any of them except the DWIs. Excepting those DWIs, defendant's previous adult encounters with criminal activity were in 1978 and 1974, both over ten years prior to the instant offenses. Even though he was adjudicated a juvenile delinquent in 1968, his background report indicates that he completed his probation and was discharged. In addition, the record shows that he satisfactorily completed his probation following his second DWI in 1986.
We note that defendant is a high school graduate, served three years in the military from which he was honorably discharged, and had been working for the same employer for 14 years prior to his arrest. All of these elements are some indication that defendant is capable of rehabilitation following a reasonable period of incarceration. We do note, however, that defendant has had two chances at probation, one while a juvenile and another following his second DWI conviction in 1986. It would appear that defendant has not learned from these previous experiences.
We further note that defendant has three children who are dependent upon him for support. Whereas this information does not appear in the post-sentence investigation report, it does appear in his sworn motion to proceed in forma pauperis. The district court must have accepted these statements as true when defendant's motion was granted.
Finally, we consider the circumstances giving rise to defendant's arrest. The defendant made three separate sales to two different undercover officers approximately five hours apart. Two of these transactions apparently occurred virtually contemporaneously and the third transaction was a return visit by one of those officers later that same morning.
Upon comparison, this defendant's circumstances seem to be relatively similar to those existing in State v. Tilley, supra. This defendant seems to be in a slightly worse position than the Winston defendant because there is no indication that the instant defendant had a cocaine dependency. It should be noted, however, that the Winston defendant had a record indicating previous dangerous drug involvement and a conviction for issuing worthless checks not found in the instant case.
Based on this evaluation, as we have previously noted, we conclude that the 12-year sentence imposed is excessive. The case is remanded for resentencing for a term not to exceed ten years at hard labor. See and compare State v. Drummer, 537 So.2d 772 (La.App. 2d Cir.1989), writ denied, 543 So.2d 17 (La.1989), in which this court reversed a three-year sentence for distribution pled down to simple possession of cocaine; State v. Cathey, 569 So.2d 627 (La.App. 2d Cir.1990), reversing a total sentence of 14 years for two counts of distribution of methamphetamine and one count of distribution of cocaine; State v. Smith, 576 So.2d 105 (La.App. 2d Cir.1991), reversing a sentence of ten years for one count of distribution of cocaine; and State v. Miller, 587 So.2d 125 (La.App. 2d Cir.1991), reversing a ten-year sentence for the sale of two *766 "rocks" of "crack" cocaine. But see State v. Kidd, 568 So.2d 175 (La.App. 2d Cir. 1990), affirming a 15-year sentence for distribution of cocaine, and State v. Kennon, 591 So.2d 757 (La.App. 2d Cir.1991), rendered this same day, affirming a ten-year sentence for the sale of four "rocks" of "crack" cocaine.

DEFAULT TIME
As his second assignment of error, the defendant asserts that his sentence was unconstitutionally excessive in that he, an indigent defendant, was ordered to pay a fine of $10,000 and to serve an additional year in jail upon default of this payment.
This court is bound by the holding in State v. Conley, 570 So.2d 1161 (La.1990), that an indigent person may not be incarcerated because he is unable to pay the fine which is part of his sentence.
The defendant filed a motion in the district court to have himself declared an indigent and a motion to proceed in forma pauperis. An order allowing the defendant to proceed as requested was signed by the district judge.
In light of defendant's indigency, the default time imposed by the district court must be reversed. This matter will be remanded with instructions to delete the default time. The state may still seek to recover the fine from defendant by way of a civil lawsuit in the event he fails to pay.

UNEQUAL TREATMENT
As his third assignment of error, the defendant alleges that the trial court punished him for exercising his constitutional rights to a trial by jury. He asserts that several other defendants were arrested in the same crack-down. He alleges that those who did not have any prior felony offenses on their records and pled guilty to the offenses with which they were charged were all given suspended sentences.
In the original sentencing hearing, the district court noted that the defendant presented this argument. However, the court had no records before it to substantiate this claim. The defendant has provided this court no means by which this claim can be confirmed. On this record this assignment is without merit.

ABUSE OF DISCRETION
As his final assignment of error, the defendant alleges that the trial court erred in that it did not follow the edict of this court in resentencing the defendant.
On the original appeal, this court found that the 15-year sentence was excessive for this defendant who "may, at worst, be described as a `small time end-man.'" This court made the following conclusion:
Based on the totality of the present record and absent any evidence that defendant was, or intended to become, a large scale drug dealer, the trial court abused its great discretion with reference to the sentences imposed. Accordingly, the sentences are vacated and defendant is remanded for resentencing in accordance with the views expressed herein.
State v. Wyatt, supra at 12.
The defendant argues that the trial court did not follow the wishes of the court of appeal in that it imposed yet another unconstitutionally excessive sentence. The essence of defendant's complaint here has already been fully considered and addressed in the first part of the discussion supra. It is not necessary for us to discuss it further here.

CONCLUSION
For the above and foregoing reasons, the sentences imposed on the defendant are reversed. This matter is remanded to the district court for resentencing defendant in a manner not inconsistent with the views expressed herein.
REVERSED AND REMANDED.
LINDSAY, J., concurs in the result.