MARVIN, Chief Judge.
In this appeal of his conviction by a jury of distribution of cocaine and his sentence to 10 years at hard labor, Curtis Kennon contends that the evidence was insufficient to convict and that his sentence is excessive.
We affirm.
*759 SUFFICIENCY
Kennon sold four $20 rocks of crack cocaine to an undercover officer, Thomas, on a sunny day in an auto repair shop in Sibley, Louisiana, on April 1, 1989. Thomas identified Kennon as the man who sold him the crack cocaine. Thomas had been introduced to Kennon a few weeks earlier. Kennon did not work at the garage but was talking to two shop employees when Thomas entered the garage about 11:30 a.m. on that Saturday, and purchased the cocaine from Kennon. Visibility in the garage was enhanced by the sunlight, both the front and rear doors of the shop being open.
At the preliminary examination and at trial, Thomas identified Kennon as the man who had sold him the cocaine. On cross-examination at trial, Thomas could not recall what Kennon was wearing at the time of the sale. On redirect, Thomas explained that he had made several hundred drug purchases while working undercover for the Bienville-Claiborne-Webster narcotics task force for some unstated time in the Minden-Sibley area.
Kennon testified to having been to the; garage in Sibley at some time in the past but said he did not work there. Kennon denied that he was at the garage on April 1, 1989. Kennon said he had never met Thomas before and denied that he had sold cocaine to Thomas.
Kennon claims Thomas’s testimony was legally insufficient to convict because Thomas could not recall what Kennon was wearing on the day of the offense and Kennon denied Thomas’s account of what happened at the garage.
The weight and credibility to be given to the conflicting testimony of Thomas and Kennon was squarely within the province of the jury. We do not second-guess the jury’s credibility evaluations beyond the sufficiency-of-the-evidence standard of review of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State v. Williams, 554 So.2d 141 (La.App.2d Cir.1989), writ denied, 560 So.2d 21 (La.1990).
Jackson requires that we view the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found proof of each essential element of the offense beyond a reasonable doubt. State v. Lard, 568 So.2d 629 (La.App.2d Cir.1990).
The testimony of an undercover officer identifying the defendant as the person from whom the officer bought drugs, if believed by the trier of fact, is sufficient to convict, even in the face of defense evidence such as alibi witnesses or the defendant’s denial of any dealings with the officer. State v. Williams, supra.
Here, as in Williams, the jury chose to believe the officer’s testimony over the defendant’s denial of his conduct. Thomas unequivocally identified Kennon as the man who sold him the cocaine after describing his earlier introduction to Kennon and the visibility in the garage at the time of the sale. Thomas’s inability to recall what Kennon was wearing was reasonably explained by Thomas’s testimony that he has made several hundred drug purchases for the drug task force.
The evidence in this record satisfies the sufficiency standard of Jackson v. Virginia, supra.
SENTENCE
Kennon faced 5-30 years at hard labor and received a ten-year sentence, which he claims is excessive because he is a 36-year-old Army veteran and a first felony offender who has had “no other serious criminal involvement.”
Kennon grew up in Sibley and described his childhood as “happy and normal.” He dropped out of high school to join the Army at age 18. He obtained a GED while in the service and was honorably discharged at age 22. He worked at a VA hospital in California for about five years before returning to Sibley in 1980. Kennon’s mother said he came back “to be closer to her and to try to help her out financially.” Kennon receives a small military retirement check. According to Kennon and his mother, he has done only intermittent con *760 struction work and “odd jobs” since he returned to Sibley.
Kennon is apparently divorced and has a teenage daughter, with whom he claims to have contact. The PSI does not indicate whether he contributes anything to his daughter’s support. He reports no physical or mental health problems and denies using alcohol or drugs.
According to the PSI, Kennon has three prior arrests since 1984, for hunting rabbits at night, carrying a concealed weapon, and three counts of illegal sale of alcohol. He was fined for the weapon offense. The alcohol charges were nolle prossed. The PSI shows no disposition for the hunting charge. In June 1990, almost a year after the present offense, Kennon was fined for fishing without a license. In the post-trial statement he gave for the PSI, Kennon again denied that he sold cocaine to Thomas.
The agent who prepared the PSI requested information about Kennon’s criminal record from the FBI but had not received a reply when the PSI was prepared. The trial court described the 36-year-old Ken-non as an “unverified first felony offender ... a high school dropout ... [and] a veteran of the United States Army.” The court mentioned Kennon’s criminal record and noted that he denied using or abusing alcohol or drugs. The court continued:
Mr. Kennon, normally as a first offender the Court would in all probability have given you the minimum sentence in this case which was five years, but as I recall this trial, you took the stand and in the opinion of the Court you perjured yourself and gave false testimony. Your character and attitude, instead of being remorseful for your criminal involvement, you have, until this day, continued to deny the fact that you sold cocaine, even in light of all the evidence that was against you. The Court is of the opinion that because of your character and attitude you’re in need of treatment which can most effectively be provided by a period of incarceration.
The Court also is cognizant of the fact that this, the seriousness of this offense carries a mandatory minimum five year sentence. The Court being of the opinion that during a period of suspension or probation there’s a strong likelihood that you would continue your criminal activity, because as I said, instead of being remorseful and showing some sense of shame for your criminal activity you’ve continued to this day to deny that you were involved in it.
The Court finds no mitigation or justification for your action. You were approached by an undercover narcotics officer looking for controlled dangerous substance and you volunteered on your own and produced four ... hard rock substances that [were] later determined to be cocaine. Again, because of the seriousness of the nature of this particular charge, and the fact that your character and attitude indicates that ... you showed no remorse for this action ... the Court orders you to serve ten years [at] hard labor.
Brackets and paragraphs supplied.
When the sentencing court has heard the defendant testify on his own behalf and deems that his testimony was false, the court may consider the defendant’s lack of truthfulness as one indicator of his attitude toward society and his potential for rehabilitation, but may not select a sentence on this basis alone, without considering other pertinent sentencing factors under CCrP Art. 894.1. State v. Shelton, 545 So.2d 1285 (La.App.2d Cir.), writ denied, 552 So.2d 377 (La.1989). Here, as in Shelton, the court considered other Art. 894.1 factors, both aggravating and mitigating.
In State v. Kidd, 568 So.2d 175 (La.App.2d Cir.1990), we affirmed a 15-year sentence for a 40-year-old first felony offender convicted of selling a small amount of cocaine (1/60 ounce). Kidd had a good work history and supported his wife and three children. He had prior misdemeanor convictions for resisting arrest, DWI, simple battery, battery of a police officer and possession of marijuana, as well as subsequent arrests for possession of cocaine and codeine. Kidd failed to appear for trial on *761 the latter possession charges. He admitted having a drug problem but denied the distribution offense and the earlier offense of battery of a police officer, to which he had pleaded guilty. Kidd sought treatment for his drug problem only after his conviction for distribution of cocaine, indicating to the sentencing judge “less of an intent to better himself than to improve his chances of probation.” 568 So.2d at 183.
After considering the aggravating factors of Kidd’s age, criminal activity, drug use, and pattern of denying his conduct, and the mitigating factors of his good work and military record and the hardship his dependents would suffer if he were in jail, we affirmed the 15-year sentence, noting that it “presses the outer limit of what we could affirm for this offense and offender, but ... does not cross the line of manifest abuse of sentencing discretion ... [or] shock the sense of justice.” 568 So.2d at 183.
Kidd should be compared with State v. Smith, 576 So.2d 105 (La.App.2d Cir.1991), and State v. Miller, 587 So.2d 125 (La.App.2d Cir.1991). Smith and Miller, ages 28 and 39 respectively, were each convicted of selling $60 or less of crack cocaine. Both were female addicts with no prior felony convictions. Smith had a misdemeanor conviction for disturbing the peace. Miller’s PSI showed no disposition for a 1978 charge of aggravated battery.
At sentencing, Smith had a 19-month-old daughter and was expecting twins. She had never been married. Smith had a good employment record except for being fired once for drug use. Miller had six children, at least one of whom lived with her. She had never been gainfully employed.
Smith and Miller were each sentenced to ten years for distributing a small amount of cocaine. In each case, we vacated the ten-year sentence and remanded for resen-tencing to a term of no more than eight years, noting that each defendant was a drug addict and the mother of at least one dependent child, with only one prior brush with the law, and that each had sold only a small amount of cocaine.
Notwithstanding some similarities between Smith and Miller on the one hand and Kennon on the other, such as their respective ages, relatively minor criminal records, and the small amount of drugs they sold, we nevertheless do not find Ken-non’s sentence to be excessive.
Kennon’s denial of drug use and of the distribution offense is an aggravating factor not present in Smith or Miller. This factor is a legitimate and proper consideration that indicates Kennon’s attitude toward society and his prospects for rehabilitation. State v. Shelton, supra. Ken-non is not raising or supporting a young child, as were Smith and Miller. While Kennon’s mother said that he returned to Sibley in 1980 to help her out financially, Kennon has not held a steady job in the ten years since his return.
On this record, we find that Kennon’s sentence is particularized to the offender and the offense, and is not manifestly abusive or shockingly disproportionate to the severity of his conduct. See and compare State v. Kidd, supra.
Kennon’s conviction and sentence are AFFIRMED.