SEXTON, Judge.
Defendant appeals as excessive two concurrent 20-year hard labor sentences * imposed following his guilty plea to two counts of distribution of cocaine in exchange for the dismissal of a third count. We reverse and remand for resentencing in accordance with the law.
The record reveals that on February 24, 1991, an undercover agent went to a More-house Parish nightclub called the Big Apple. Sharkey approached the agent and asked “What’s up?” The agent stated he was looking for some twenty-five rocks (meaning crack cocaine having a value of $25 per rock). The pair went around to the side of the building where Sharkey removed a small matchbox which contained 15 to 20 rocks. Sharkey gave two to the agent who selected one and paid Sharkey $25.
On March 31, 1991, the agent returned to the Big Apple. He paid $2, entered the club, and then went outside. The agent approached Sharkey and asked him if he had “anything for twenty?” Sharkey responded, “What? A rock?” The agent answered yes. The pair walked to the side of the building where Sharkey took two rocks from a matchbox in his pocket. He gave them to the agent and said they were $25 rocks but the agent could have them for $20. The agent selected one and paid defendant $20.
Finally, on April 25, 1991, the agent returned to the Big Apple with a reliable confidential informant. The two exited their vehicle and approached a group of men, one of whom was the defendant, sitting on the hood of a vehicle. After defendant displayed several rocks of crack cocaine to the agent, the two of them went to the side of the building where the agent purchased a rock for $25.
Defendant was later arrested and charged with three counts of distribution of cocaine. Defendant agreed to plead guilty to two of those counts in exchange for the dismissal of the third and the state’s recommendation that defendant’s sentences be imposed concurrently. As previously noted, the district court sentenced defendant to 20 years at hard labor on each count and ordered that the sentences be served concurrently.
Defendant argues that the sentence imposed on him was excessive and that it shows little regard for the sentencing guidelines contained in LSA-C.Cr.P. Art. 894.1. The state argues that the defendant has already been granted ample leniency in the plea bargain and that the district court *251 gave defendant further leniency in allowing his sentences to be served concurrently rather than consecutively, thus receiving only a 20-year sentence out of the 90 years to which he was exposed as originally charged.
In reviewing a sentence for exces-siveness, this court uses a two-part test. First, the record must show that the trial court took cognizance of the criteria in LSA-C.Cr.P. Art. 894.1. The trial judge does not have to articulate each aggravating or mitigating circumstance as long as the record reflects he adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983).
The record reflects that Sharkey is one of fourteen children, is unmarried, and has two children with different mothers. He left school in the 10th grade and was employed in Tulsa, Oklahoma, at Kelly Temporary Services at the time of sentencing.
The defendant had no prior juvenile record and no prior felonies. The district court noted a 1981 conviction for disturbing the peace and a 1983 purse snatching conviction for which he was sentenced to 30 days with credit for time served. His only other adult record consisted of convictions for the relatively minor offenses of illegally burning trash, speeding, and remaining on premises.
The court found that the offenses posed significant harm to the public because of the seriousness of selling drugs and that the defendant was not very concerned with that harm. Defendant did not act under any provocation, nor was there any excuse for his conduct. The victim in this matter, the state of Louisiana, did not facilitate the offense. The court concluded that defendant’s criminal conduct was likely to be repeated because the defendant committed three offenses for which he was originally charged. Restitution was not considered and no hardship was noted.
The court found that probation was not appropriate because an undue risk existed that defendant would commit another crime if given a suspended sentence. The court based this conclusion upon the fact that he pled guilty to two counts. Another basis was said to be the seriousness of the offenses. The court felt that a lesser sentence would deprecate the seriousness of the offenses.
We conclude that the district court gave adequate consideration to the sentencing guidelines contained in LSA-C.Cr.P. Art. 894.1. We now turn to defendant’s argument that the sentence imposed on him was excessive.
The second portion of the test is whether a sentence is too severe depending on the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A trial court is not required to give a suspended or probated sentence for a first felony offender. The judge may consider whatever facts and evidence he considers important in determining the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App.2d Cir.1984). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Lighten, 516 So.2d 1266 (La.App.2d Cir.1987). The trial court has wide discretion to sentence within statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983).
As originally charged, the defendant was exposed to a potential sentence of 90 years at hard labor. The plea bargain reduced the defendant’s exposure to 60 years and the state recommended that the sentences be concurrent, further reducing defendant’s exposure to 30 years. Additionally, the defendant could have received a fine of up to $45,000 had he been convicted on all three counts. He received no fine in his sentence. This defendant received great benefit from the plea bargain.
Notwithstanding the substantial benefit which defendant derived from the plea bargain, our courts have previously found ex *252 cessive the same and lesser sentences in cases which were factually similar in terms of those defendant’s backgrounds and criminal histories. See State v. Winston, 572 So.2d 54 (La.1991) (9-year sentence excessive); State v. Wyatt, 591 So.2d 761 (La.App.2d Cir.1991) (12-year sentence excessive); State v. Miller, 587 So.2d 125 (La.App.2d Cir.1991) (10-year sentence excessive); State v. Smith, 576 So.2d 105 (La.App.2d Cir.1991) (10-year sentence excesr sive); State v. Cathey, 569 So.2d 627 (La.App.2d Cir.1990) (14-year sentence excessive); and State v. Strickland, 486 So.2d 1015 (La.App.2d Cir.1986) (20-year sentence excessive), on appeal after remand, 505 So.2d 752 (La.App.2d Cir.1987).
The two concurrent 20-year hard labor sentences with credit for time served are excessive in light of the circumstances of this case. Each transaction involved one rock of cocaine for no more than $25. Defendant’s criminal record had no felonies and contained only convictions for relatively minor offenses.
Defendant’s sentence is accordingly vacated and the matter is remanded to the district court to correct the minutes of this case to accurately reflect the original sentence imposed on defendant on August 13, 1991, as reflected in the sentencing transcript. Thereafter, the district court is further ordered to resentence the defendant in accordance with law.
REVERSED AND REMANDED.
BROWN, J., dissents with reasons.

 Initially, we note that there would appear to be some confusion about the actual sentence imposed on defendant. Defendant argues that he was sentenced to two consecutive sentences of 20 years at hard labor. The state argues in different sections of its brief that defendant received two consecutive 20-year hard labor sentences and that he received two concurrent 20-year hard labor sentences. The minutes indicate that the sentences are to be served consecutively. Finally, a written judgment in the record shows the sentences to be consecutive.
Notwithstanding this apparent confusion, the transcript from defendant's sentencing clearly indicates that defendant was sentenced to two 20-year hard labor sentences and that they were to be served concurrently. The transcript prevails over conflicting indications regarding the sentence imposed. State v. Lynch, 441 So.2d 732 (La.1983); State v. Godejohn, 425 So.2d 750 (La.1983).