PER CURIAM.
The defendant, Juan Rattler, was charged with two counts of distribution of cocaine, one count of conspiracy to distribute cocaine and one count of possession of greater than 28 but less than 200 grams of cocaine. Pursuant to a plea bargain defendant pled guilty to one count of distribution of cocaine and one count of possession of cocaine with intent to distribute. The state dismissed the remaining counts. On the distribution charge, defendant was sentenced to 15 years imprisonment at hard labor and ordered to pay a fine of $5,000.00, in default of payment of which, defendant was assessed an additional two years at hard labor. On the possession with intent to distribute count, defendant was sentenced to four years at hard labor and ordered to pay a fine of $1,000.00, with an additional one year imprisonment in default of payment. The sentences were ordered to be served consecutively. On appeal, defendant’s only assignment of error is that the sentences imposed are excessive. Finding no merit to this assignment of error, we affirm.
On May 9,1991, at the Oak Manor Apartments in Monroe, undercover law enforcement officials twice purchased $50.00 rocks of cocaine from the defendant, who fought off other drug dealers to make the sales. Defendant was arrested, but was released on bond. On June 4, 1991, the defendant, who had been ordered not to return to the Oak Manor Apartments, was nevertheless seen there by law enforcement officials. He was arrested in possession of two bags of marijuana and three rocks of cocaine. The cocaine had a cumulative weight of over 31 grams.
The trial court clearly complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1. The defendant does not dispute this. Rather, defendant argues that the sentences imposed are constitutionally excessive, LSA Const. Art. 1, § 20 (1974), and that he should have been given a probated sentence.
The 25-year-old defendant is unmarried, but the father of a three-month-old child. The defendant has supported this child only during the times he has lived with the child’s mother. Defendant has a sporadic employment record and it appears his primary source of income has been from his drug sales.
The defendant has a significant involvement with alcohol, marijuana, and cocaine. The defendant admits to smoking six joints of marijuana and ten rocks of cocaine daily, as well as drinking three to four beers five days a week. The defendant began selling cocaine in 1990, originally for profit, but more recently to support his drug habit. The defendant admitted that he made approximately $3,000.00 per week selling cocaine. The Monroe Metro Narcotics Unit suspects the defendant of being a major distributor of cocaine to the street level dealers at the Oak Manor Apartments.
Although defendant has no prior felony convictions, he has a lengthy misdemeanor record. Between 1984 and 1991, the defendant has convictions for simple criminal damage to property, simple battery, two counts of theft, failure to appear, theft, aggravated assault, simple battery and criminal trespass, disturbing the peace by fighting, trespassing, and, again, trespassing. The defendant also has several traffic offenses, including a hit and run conviction. Defendant’s convictions for aggravated assault, simple battery, and criminal trespass involved an incident in which defendant apparently attempted to stab a woman.
The defendant was the recipient of a favorable plea bargain. As originally charged, the defendant was exposed to over 100 years imprisonment and possible fines of over $180,000.00. The plea bargain reduced that exposure to 60 years at *213 hard labor and fines of up to $30,000.00, of which defendant received a sentence of 19 years and fines of $6,000.00.
In light of the defendant’s extensive involvement with both the sale and use of controlled dangerous substances, his extensive misdemeanor record, the benefit he received by the favorable plea bargain and defendant’s apparent propensity to continue in illegal drug dealing, as evidenced by his second arrest within a month after posting bond following his initial arrest, we find no abuse of discretion in the trial court’s refusal to give defendant a probated sentence. Further, we find that the 19-year sentence, together with $6,000.00 in fines, is not excessive.
However, we note that LSA-C.Cr.P. Art. 930.8 C requires that, at the time of sentencing, the trial court shall inform the defendant of the three-year prescriptive period in which to apply for post-conviction relief. The record does not show that the trial court so informed the defendant. The trial court is directed to inform this defendant and all future convicted defendants of the provisions of Art. 930.8. The trial court is directed to send appropriate written notice to this defendant within ten days of the rendition of this opinion and to file written proof that defendant received said notice in the record of these proceedings.
The defendant’s convictions and sentences are affirmed.
AFFIRMED.
BROWN, J., concurs with written reasons.