BROWN, Judge,
concurring.
I agree that this defendant deserved the 19 year sentence imposed and that the sentence was clearly within the wide discretion of the trial court. This concurrence is filed for the following reason.
This case is instructive of the problem presented when reviewing sentences for drug crimes. In State v. Sharkey, 602 So.2d 249 (La.App. 2d Cir.1992) the majority wrote to reverse a 20-year sentence. Sharkey was a 27 year old defendant who was caught on three separate occasions selling cocaine to an undercover officer in a bar. At each sale the undercover officer saw several rocks of cocaine in Sharkey’s possession. In Sharkey the total sentence of 20 years on a plea to two counts was found excessive; I dissented. There is no real difference between the present case and Sharkey except that this defendant freely told the officer conducting the P.S.I. that he made $3,500 weekly selling cocaine and had a costly drug habit. In Sharkey the defendant refused to cooperate with the P.S.I. investigator and like the trial court, we had to rely on the surrounding circumstances to gauge his involvement.
Sharkey’s misdemeanor record was referred to as “relatively minor offenses.” Sharkey was convicted for disturbing the peace, purse snatching, speeding, remaining on premises, and illegally burning trash. In contrast this defendant’s misdemeanor record is described as “lengthy”, although involving similar crimes. In both cases law officers believe defendant was tied to major drug dealing. These two cases demonstrate the difficulty faced by a reviewing court and the wisdom for affording the widest discretion to the trial court, particularly when sentencing drug offenders.