DREW, J.
| Nicholas Dewayne Davis pled guilty to distribution of cocaine in violation of La. R.S. 40:967. He was then sentenced to 20 years of imprisonment at hard labor. He now appeals his sentence as being excessive. We affirm in all respects.
FACTS
Davis was arrested on April 7, 2010, for three charges of distribution of cocaine, a Schedule II Controlled Dangerous Substance, in contravention of La. R.S. *1232 40:967(A)(1), and for one charge of distribution of Lortab, a Schedule IV Controlled Dangerous Substance, in contravention of La. R.S. 40:969(A)(1). The bill of information was later amended to charge him under La. R.S. 14:24 as a principal to the Schedule IV offense and to one of the Schedule II offenses.
On August 20, 2012, Davis pled guilty to two counts of distribution of cocaine. He signed a “Determination of Understanding of Constitutional Rights, Nature of Charge and Consequences of Guilty Plea,” which contains a paragraph stating that the maximum penalty would be 30 years and a $50,000 fine, and that the minimum penalty would be two years at hard labor without probation. The document also contains handwritten marginal notes indicating that the state dismissed Counts Three and Four, and that the state agreed not to file a habitual offender bill. In addition, where the document contained a bold-faced typed paragraph stating, “Fifteen (15) years at hard labor, on each count, this shall run concurrently with each other, in the custody of the Louisiana Department of Corrections,” the paragraph has been marked through, and there is a handwritten note stating, [/Straight up as charged with PSI.” At sentencing, both the prosecutor and the defense counsel confirmed that defendant had pled “straight up.”
The presentence investigation report indicates that Davis:
• has a 10th grade education;
• was employed for two companies between 2005 and 2007;
• began to use marijuana at age 15 and to drink alcohol at the age of 20;
• has attended a 12-step program; and
• is single and has an 11-year-old child.
At the sentencing hearing on November 7, 2012, the trial court took into consideration the presentence investigation report, the La. C. Cr. P. art.' 894.1 aggravating and mitigating circumstances, the defendant’s age, family ties, marital status, health, employment record, prior criminal record and the seriousness of the offenses therein. The court then ordered that Davis serve 20 years per count, concurrently, with the Department of Corrections.[1]
On December 11, 2012, Davis filed a motion to reconsider sentence in which he argued that 20 years at hard labor “will be merely punitive and will not achieve any goals of rehabilitating this defendant.” The trial court granted a hearing, but denied the motion on January 8, 2013.
DISCUSSION

Excessiveness and Failure to Reconsider Sentence

Davis argues on appeal that the trial court wrongly denied his motion to reconsider sentence, and also that this court should reduce the sentence 13directly. He asserts that a punishment consisting of concurrent 20-year hard labor sentences for distribution of cocaine “is excessive, punitive, and will not achieve any goals of rehabilitating him.” Davis argues that the trial judge gave “absolutely no consideration” to the 33 sentencing factors of La. C. Cr. P. art. 894.1(B), and that only three of the 21 aggravating factors apply, whereas seven of the 12 mitigating factors apply. *1233 He adds that 20 years is too long a sentence for a crime involving only $60 worth of contraband. He points out that the trial court incorrectly stated during sentencing that the minimum sentence under La. R.S. 40:967(B)(4)(b) was 10 years, when the minimum is actually only two years. Davis also argues that his sentence is meant to punish him for not accepting a plea bargain rather than for committing a crime.
The state argues that Davis’ return to drug dealing after previous shorter incarcerations for drug dealing shows that he would continue to deal drugs if not incarcerated or if given a short sentence. The state next argues that Davis’ sentence would have been even worse if not for the plea bargain in which the state agreed not to seek multiple offender adjudication. The state also argues that although courts have found 20-year sentences to be unconstitutional for first offenses, State v. Sharkey, 602 So.2d 249 (La.App. 2d Cir.1992), State v. Wyatt, 591 So.2d 761 (La.App. 2d Cir.1991), 20 years or thereabouts has been found to be an acceptable length of sentence for subsequent offenses. State v. Rattler, 605 So.2d 211 (La.App. 2d Cir. 1992) (finding that 19 years was not excessive for drug distribution when the appellant had no prior felonies, but many prior misdemeanors); State v. Gibson, 628 So.2d 156 (La.App. 2d Cir.1993) (similar to Rattler, but with a 20-year sentence); State v. Williams, 95-1556 (La.App.3d Cir.2/19/1997), 688 So.2d 1343 (finding that a 48-year total sentence was not excessive for an important drug trafficker who was technically a first-time offender, but for whom each of three subsequent arrests occurred before the first arrest went to trial).
According to La. R.S. 40:967(B)(4)(b), a person convicted of distribution of cocaine “shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of said sentence being without benefit of parole, probation, or suspension of sentence; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.”
In State v. Spruell, 403 So.2d 63 (La.1981), a trial court had mistakenly looked at the sentencing range for cocaine distribution (two to 30 years) when it should have looked at the sentencing range for marijuana distribution (zero to 10 years). The Supreme Court found that the trial court had not accurately regarded the offense, and thus remanded for resentenc-ing.
Contrarily, in State v. Preston, 47,273 (La.App.2d Cir.8/8/12), 103 So.3d 525, the trial court incorrectly stated that the defendant’s sentencing range was six to 20 years’ imprisonment, when in reality the range was 3.33 to 10 years. On appeal, this court ruled that a seven-year sentence was not excessive under the circumstances where “nothing in this record convinces us that the trial court intended to impose a lenient sentence for this | ¡^defendant.”
Our law is well settled as to appellate review of sentences.[2]
*1234 Twenty years is within the sentencing range of two to 30 years, allowed by La. R.S. 40:967(B)(4)(b).[3]
The trial court did not discuss in detail the factors of La. C. Cr. P. art. 894.1 during sentencing. However, the court stated that it had done so. Of the eight statutory mitigating factors that Davis argues apply to him, all but one (number 26, that the victim facilitated one of the crimes) could have been ignored by the trial court without manifest error.[4]
|0There are two aggravating factors that might apply, but Davis does not acknowledge them in his brief.[5] In addition to the statutory factors, the trial court considered the defendant’s presentence investigation report, his age, family ties, marital status, health, employment record, his prior criminal record and the seriousness of his past crimes.
Pursuant to the plea bargain that Davis received, the state did not prosecute him for charges three and four or seek an habitual offender enhancement, and the state agreed that the defendant receive a presentence investigation report. The sentence that Davis received is only 2/3 of the full sentence that he might have received for each of the charges prosecuted, and the sentences are concurrent rather than consecutive. Davis has multiple prior convictions.[6]
According to his PSI report, Davis also has been charged with, but not convicted of, numerous other charges.[7]
*1235 Furthermore, the prosecution correctly asserts that Sharkey and Wyatt, supra, can be distinguished from this case because they involve excessive sentences for first-time felony convictions rather than for subsequent 17convictions. In light of all relevant facts, the sentence is not grossly disproportionate to the offense.
The sentence comports with the aggravating and mitigating factors listed in La. C. Cr. P. art. 894, and it is not grossly disproportionate to the gravity of the offense. Davis fails to show that the trial court abused its discretion in imposing concurrent 20-year hard labor sentences, or that the trial court was wrong to deny his motion to reconsider sentence.
DECREE
The defendant’s conviction and sentence are AFFIRMED.

. The trial court neglected to stipulate that the first two years would be served without benefit of probation, parole, or suspension of sentence as required by La. R.S. 40:967(B)(4)(b). However, La. R.S. 15:301.1(A) states that when a trial court forgets to stipulate that a portion of the sentence is without benefits, the sentence is nonetheless deemed so to stipulate.

. To determine whether an imposed sentence is excessive, Louisiana reviewing courts first examine the record to ascertain if the trial court considered the aggravating and mitigating factors under La. C. Cr. P. art. 894 in determining a factual basis for the sentence imposed. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The trial court need not articulate each aggravating or mitigating factor; rather, the record need only show that he adequately considered the guidelines. Sharkey, 602 So.2d at 251; Smith, 433 So.2d at 699. The court must consider such factors as defendant’s personal *1234 history, prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d581.
Second, Louisiana courts consider whether the sentence is grossly disproportionate to the seriousness of the offense. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La. 1980). If the sentence imposed, in light of the harm done to society, shocks the sense of justice, then the sentence imposed is excessive. State v. Weaver, 2001-0467 (La. 1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379. Maximum sentences are reserved for the worst offenders and offenses. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802.
A trial judge has wide discretion in imposing sentences within the statutory limits and in consideration of aggravating and mitigating circumstances. Therefore, a reviewing court considers only whether the trial court abused its discretion. State v. Williams, 2003-3514 (La. 12/13/04), 893 So.2d 7; State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert, denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). A plea bargain which brings about substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Lighten, 516 So.2d 1266 (La. App. 2d Cir. 1987).

. Although the trial court wrongly stated that the minimum sentence was 10 years, this was harmless error because the trial court did not manifest an intention to give a sentence near the statutory minimum.

. The other alleged mitigating factors are numbers 22 (the crime did not threaten serious harm), 23 (defendant did not contemplate serious harm), 27 (defendant is willing to compensate the victim, specifically the confidential informant), 29 (offense resulted from circumstances unlikely to recur), 30 (defendant would likely respond well to probationary treatment), 31 (imprisonment would impose hardship on family), and 33 (other: defendant has admitted drug addiction and is willing to change).

. These two factors are knowingly creating a risk of death or great bodily harm of others, and being convicted of a CDS crime from which Davis was obtaining substantial income.

. In 2000, Davis pled guilty to possession of a Schedule II Controlled Dangerous Substance with intent to distribute and received a five-year sentence, and he pled guilty to another similar felony, receiving the same sentence.

. The charges include possession, use, or sale of drug paraphernalia, illegal possession of stolen things, contributing to the delinquency of a juvenile with drugs in the vehicle, illegal carrying or possession of firearms while possessing a Controlled Dangerous Substance, violation of probation, resisting an officer, prohibited acts under Schedule III, two charges of prohibited acts under Schedule II, and felony theft.