Judgment rendered May 26, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 53,660-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

CORDERREL COOKSEY A/K/A             Appellant
CORDARREL COOKSEY

* * * * *

Appealed from the
Forty-Second Judicial District Court for the
Parish of DeSoto, Louisiana
Trial Court No. 1CR29859

Honorable Charles Blaylock Adams, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Douglas Lee Harville


CHARLES BLAYLOCK ADAMS             Counsel for Appellee
District Attorney


LEA R. HALL, JR.
GEORGE WINSTON, III
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and THOMPSON, JJ.

Pitman, J., concurs in the result.

Thompson, J., concurs in the result.

**STONE, J.**

This arises from the 42nd Judicial District Court in DeSoto Parish. The appellant, Corderell Cooksey ("Cooksey"), was convicted of: (1) possession of methamphetamine with the intent to distribute, a violation of La. R.S. 40: 966(B)(1)(b); and (2) possession of more than 14 grams of marijuana, in violation of La. R.S. 40:967. Regarding the methamphetamine, the appellant was sentenced to 18 years of imprisonment at hard labor; regarding the marijuana, the appellant was sentenced to six months of imprisonment, to run concurrently with the other sentence. In this appeal, Cooksey challenges the 18-year sentence as unconstitutionally excessive. For the reasons stated hereinafter, we affirm his sentence.

## FACTS AND PROCEDURAL HISTORY

Cooksey's encounter with the police began as a traffic stop which the police justified based on an inoperable light on his vehicle license plate. The police saw loose marijuana in the car. Thereupon, the police searched the car and found nearly 3,000 methamphetamine pills,[1] more marijuana, $2,016 cash stuffed in a Crown Royal bag, and two digital scales. The methamphetamine was divided among several separate plastic bags.

---

[1] After the pills arrived at the crime lab, Randall Robillard, a forensic chemist, began testing. Robillard was accepted as an expert in forensic chemistry in open court. Robillard identified his certified report in open court and testified that to test a larger quantity of drugs, he uses a hypergeometric sampling plan. This means that he takes the total number of pills and the weight to get a specified number of tablets that need to be tested so that there is 99 % confidence that at least 28 grams of the pills tested contains the illegal substance. Robillard stated that the confidence level increases as more pills are tested. In this case, Robillard tested 5 of the 2,923 pills. Robillard testified that those pills were selected at random. Robillard was able to confirm that the total weight of the pills collected was 695.7 grams and of the five pills tested, they were all positive for methamphetamine. The loose vegetable material tested was confirmed to be 80.2 grams and contained marijuana.

The appellant was charged with possession with intent to distribute both the methamphetamine and the marijuana, and elected to go to jury trial. Cooksey subsequently was convicted and sentenced as previously stated herein. Special agent Paul Hursey, who was accepted at trial as an expert in drug investigations, testified that the estimated street value of the methamphetamine seized was between $14,000 and $23,000.

The trial court ordered a presentence investigative report ("PSIR"). At the sentencing hearing, the trial court asked if Cooksey disagreed with any of the assertions in the PSIR. In response, no material disagreements were raised. The trial court noted that Cooksey has six children and has a good relationship with them, and has a consistent work history. However, the trial court also noted that the appellant had already accumulated a significant criminal history aside from the matters for which he was convicted in this case. In particular, at the time of Cooksey's sentencing he: (1) had already been convicted of misdemeanor theft, domestic abuse battery, and criminal trespass; (2) had a separate, unrelated pending charge for possession with intent to distribute schedule I controlled dangerous substances (the arrest related to this charge occurred *prior* to the arrest for the instant offenses); and (3) had separate, unrelated charges for distribution of schedule II controlled dangerous substances and carrying a concealed weapon (the arrest related to these charges occurred *after* the arrest for the instant offenses).

The sentencing range for La. R.S. 40:967(B)(1)(b) is 1 to 20 years of incarceration at hard labor; the statute also authorizes a fine of up to $50,000.

**DISCUSSION**

Generally, appellate courts apply a two-pronged test when reviewing a sentence for excessiveness, to wit: (1) whether the trial court adequately considered the sentencing guidelines established in La. C. Cr. P. art. 894.1; and (2) whether the sentence is constitutionally excessive. *State v. Gardner*, 46,688 (La. App. 2 Cir. 11/2/11), 77 So. 3d 1052. However, if the defendant fails to file a timely motion to reconsider sentence, he or she waives the right to appellate review of the trial court's consideration of the sentencing guidelines. To that effect, La. C.Cr.P. art. 881.1(E) states:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

The right to appeal a sentence can be preserved by an oral motion to reconsider at the sentencing hearing, or thereafter, by a written motion to reconsider filed within 30 days after the sentencing. La. C.Cr. P. art. 881.1. When a defendant fails to make a motion to reconsider sentence, the appellate court's review of the sentence is limited to a bare claim of constitutional excessiveness. *State v. Benson*, 53,578 (La. App. 2 Cir. 11/10/2020), 305 So. 3d 135.

In this case, Cooksey did not object or make an oral motion to reconsider sentence at the sentencing hearing, nor did he file a written motion to consider sentence. He, therefore, waived his right to appeal regarding the trial court's consideration of the sentencing guidelines.

3

**Constitutional excessiveness**

Our review is limited to whether or not Cooksey's sentence is constitutionally excessive. On that point, Cooksey argues that *State v. Sharkey*, 602 So. 2d 249 (La. App. 2 Cir. 1992), *State v. Wyatt*, 591 So. 2d 761 (La. App. 2 Cir. 1991), and *State v. Tilley*, 400 So. 2d 1363 (La. 1981), necessitate a sentence of 10 years or less. Like the instant case, all three of these cases involved defendants without prior felony convictions. In each case cited, the initial sentences for offenses related to drug dealing were deemed excessive on appeal. Also, all of these cases, like the instant case, involved a series of drug sales or arrests for drug sales.

Before we discuss in detail the specific cases that Cooksey relies upon, we must first set forth the general precepts of review for constitutional excessiveness of a sentence. In *State v. Sepulvado*, 367 So. 2d 762 (La. 1979), the Louisiana Supreme Court held that the Louisiana Constitution of 1974 "gives the courts… a basis for determining that sentences…though not cruel or unusual…are too severe as punishment for certain conduct and thus unconstitutional." A sentence can be constitutionally excessive, even when it falls within statutory limits if: (1) the punishment is so grossly disproportionate to the severity of the crime that, when viewed in light of the harm done to society, it shocks the sense of justice; or (2) it serves no purpose other than to needlessly inflict pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). The circumstances of the case and the background of the defendant are relevant in making this determination. *State v. Sharkey*, 602 So. 2d 249 (La. App. 2 Cir. 1992). The sentencing judge may consider whatever facts and evidence he or she considers important in determining the best interest of the public and the defendant. As a general

rule, maximum or near-maximum offenses are reserved for the worst offenders and the worst offenses. *State v. Sandifer*, 53,276 (La. App. 2 Cir. 1/15/20), 289 So. 3d 212. However, the trial court has wide discretion to sentence within statutory limits. *State v. Sharkey*, *supra*. The defendant must show a manifest abuse of discretion to have a sentence set aside as excessive. *Id.*

In *State v. Sharkey*, *supra*, Sharkey was convicted of two counts of distribution of cocaine and received two concurrent 20-year hard labor sentences; the maximum sentence for that crime was 30 years. The convictions stemmed from two undercover drug buys by narcotics agents which took place in February of 1991. In the first buy, an agent received one rock of crack cocaine for $25 and in the second buy, the agent received one rock of crack cocaine for $20.[1] There was also a third incident wherein Sharkey sold the agent a rock of crack cocaine for $25; this charge was dismissed as a result of Sharkey's plea to the other two offenses. Sharkey was a first-felony offender. Similar to the trial judge in this case, the judge in *Sharkey* opined that the offenses posed significant harm to the public because of the seriousness of selling drugs and that the likelihood of recidivism was high due to the repeated incidences in that case. In holding that Sharkey's 20-year sentence was excessive, we noted that his criminal record consisted of "relatively minor" misdemeanors, the most serious of which was a purse snatching conviction in 1983. We also emphasized that each drug transaction underlying Sharkey's convictions involved one rock worth no more than $25.[2]

---

[2] The *Sharkey* opinion cited to many other cases where this Court found sentences to be excessive based on the defendants' backgrounds and criminal histories. *See State v.*

In *State v. Wyatt*, *supra*, Wyatt, who was 36 years old at the time of his offenses, was convicted of three counts of distribution of cocaine and sentenced to concurrent 12-year sentences. These three counts arose from two separate incidents that were five hours apart. In the first incident, Wyatt sold one agent two rocks of crack cocaine for $40, and sold a second agent an identical amount. In the second incident, another agent purchased two additional rocks. All three of the undercover buyers were total strangers to the defendant. In its reasoning, this Court noted that while the circumstances indicated that Wyatt routinely sold "crack" for a profit, he was capable of rehabilitation based on several factors: he was a high school graduate, had served three years in the military (and was honorably discharged), and worked for the same employer for 14 years. Further, Wyatt's criminal history, with the exception of DWIs, was over ten years prior. He also had satisfactorily completed probation. This Court relied heavily on *State v. Tilley, supra*, in finding that Wyatt's sentence was excessive and remanded the case for resentencing for a sentence not to exceed 10 years at hard labor.

In *State v. Tilley, supra*, the supreme court vacated Tilley's sentence of 21 years for the conviction of distribution of cocaine, and held that the maximum sentence constitutionally permissible under the circumstances would be 10 years. Tilley was 18 years old at the time of the offense. Characterizing Tilley as a "small fish" in the drug trade, the supreme court

*Winston,* 572 So. 2d 54 (La. 1991) (9-year sentence excessive); *State v. Wyatt, supra* (12-year sentence excessive); *State v. Miller,* 587 So. 2d 125 (La. App. 2 Cir. 1991) (10-year sentence excessive); *State v. Smith,* 576 So. 2d 105 (La. App. 2 Cir. 1991) (10-year sentence excessive); *State v. Cathey,* 569 So. 2d 627 (La. App. 2 Cir. 1990) (14-year sentence excessive); and *State v. Strickland,* 486 So. 2d 1015 (La. App. 2 Cir. 1986) (20-year sentence excessive), *on appeal after remand*, 505 So. 2d 752 (La. App. 2 Cir. 1987).

noted that under circumstances similar to those presented, a permissible sentencing range would be from the statutory minimum to ten years. Tilley had approximately 34 packets containing cocaine and sold six to an undercover officer for $60. When asked by the officer about other substances, defendant claimed to be out of Dilaudid. Between the time of the offense at issue and Tilley's arrest, he sold another controlled dangerous substance to the same officer. Additionally, a search of his residence following his arrest yielded marijuana, for which Tilley was charged with possession. Tilley was an 18-year-old high school dropout who had made plans to pursue a GED. His employment history was steady and consistent for someone his age with his educational background. Although he was unmarried, he lived with his physically disabled mother. In addition to the criminal activity outlined above, Tilley had two DWI convictions and an outstanding third charge. Following his arrest, he registered at, and continued to attend, a substance abuse clinic. The matter was remanded for resentencing within the minimum to ten-year range.

In a more recent case, *State v. Sandifer*, *supra*, the defendant was a first-felony offender involved in two drug transactions with undercover officers. In the first transaction, she sold 28 grams of methamphetamine for $700, and in the other she attempted to sell 113 grams of methamphetamine for an agreed price of $2,450. These two offenses arose from a single course of conduct. The defendant was convicted of one count of distributing methamphetamine, and sentenced to 25 years; she was also convicted of attempted distribution of methamphetamine and sentenced to 15 years. The trial court ordered the sentences to run consecutively. Under the statutory law in effect at the time of her offenses, the maximum possible sentences for

7

these crimes were 30 years and 15 years, respectively. The presentence investigation report indicated that the defendant, at the time of sentencing, had two pending charges for possession of drug paraphernalia. It also stated that she was arrested for possession of methamphetamine (again) after being released on bail for the subject offenses.

We vacated and remanded for resentencing on the ground that the record did not justify consecutive sentences. In our instructions, we ordered the trial court to resentence Sandifur with concurrent sentences, or alternatively, if the court desired to again impose consecutive sentences, state the reasons for doing so on the record.

*Sharkey, supra, Tilley, supra, and Wyatt, supra*, show that where the defendant is a first-time felon who sold or attempted to sell only moderate quantities of crack cocaine, a sentence of greater than 10 years may be excessive, even if the defendant's subject conviction or convictions are part of a series of drug transactions. We see no reason to treat methamphetamine differently. However, in this case, the record indicates that Cooksey possessed a quantity of methamphetamine worth $14,000 to $23,000, which must be characterized as a *large* amount. Indeed, Cooksey's possession of 3,000 methamphetamine pills suggests that the he probably was higher in chain of distribution than a mere retailer. Accordingly, the cases upon which the appellant relies must be distinguished. This assignment of error lacks merit.

## CONCLUSION

The appellant's conviction and sentence are **AFFIRMED**.